# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| BRYAN PERRY NELSON COVINGTON, </br></br>  Plaintiff, </br></br> v. </br></br> TERESA LAWS and HAMBLEN COUNTY JAIL, </br></br>  Defendants. | No.:  2:17-CV-109-TWP-MCLC |

## ORDER

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Bryan Perry Nelson Covington ("Plaintiff").  Upon initial review of Plaintiff's motion to proceed *in forma pauperis* [Doc. 1], the Court issued a deficiency order notifying Plaintiff that he had neither paid the filing fee nor submitted the proper documents required to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) [Doc. 3].  Plaintiff further was warned that unless he either paid the full filing fee or submitted the appropriate *in forma pauperis* documentation, properly signed and completed, within thirty days of the entry of the deficiency order, the Court would presume that he is not a pauper, assess the full filing fee, and dismiss the case for failure to prosecute [Doc. 3 pp. 1-2].  The mail containing this order was returned to the Court as undeliverable because Plaintiff is no longer at the institution at the address Plaintiff provided to the Court [Doc. 4].

As more than thirty days now have passed since the entry of the Court's deficiency order on August 24, 2017, and Plaintiff has failed to submit the appropriate documentation or to respond in any way to that order, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **DENIED** and Plaintiff hereby is **ASSESSED** total court fees in the amount of four hundred

($400.00), consisting of a filing fee of three hundred fifty dollars ($350.00), and an administrative fee of fifty dollars ($50.00). *See* 28 U.S.C. § 1914(a); Judicial Conference of the United States, District Court Miscellaneous Fee Schedule # 14 (effective December 1, 2016). The Clerk is **DIRECTED** to forward a copy of this Order to the Court's financial deputy.

Moreover, pursuant to Fed. R. Civ. P. 41(b), this action will be **DISMISSED** for want of prosecution and for failure to comply with the Court's deficiency order and the local rules of court. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Dismissal under Fed. R. Civ. P. 41(b) may be *sua sponte*. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In determining whether involuntary dismissal is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute, a court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the deficiency order is due to his own fault. A copy of the Court's deficiency order was mailed to the Hamblen County Jail at the last address provided to the Court by Plaintiff but was returned as undeliverable [Doc. 4], indicating that he no longer was located there. Local Rule 83.13 explicitly imposes upon a pro se party the duty to notify the Clerk of any change of address within 14 days

of the change, as well as the obligation to monitor the progress of his case and prosecute it diligently. E.D. Tenn. L.R. 83.13. Here, Plaintiff did not receive the deficiency order through his own fault in failing to notify the court of his address change. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that, because service was not issued, Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's order.

As to the third factor, the record reflects that Plaintiff expressly was cautioned that the Court would dismiss this case if he failed to comply with the Court's deficiency order within the allotted time [Doc. 3 pp. 1-2]. Thus, this factor also weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that any alternative sanctions would not be effective. The Court already provided Plaintiff with an opportunity to remedy the initial deficiency in his motion for leave to proceed *in forma pauperis* and placed him on notice that his failure to comply with the Court's order would be grounds for dismissal. Nevertheless, Plaintiff has not cured the deficiency in his *in forma pauperis* application, failed to notify the Court of his change of address as required under the local rules, and has not monitored the progress of the case or otherwise pursued this action in any way since the filing of the complaint. Accordingly, the Court finds that any further attempts to prod Plaintiff into compliance through the imposition of a lesser sanction than dismissal would be futile.

Accordingly, for the reasons set forth above, the Court concludes that the relevant factors weigh in favor of the dismissal of this action pursuant to Rule 41(b). *See*, *e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address").

In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

A separate judgment will enter.

**IT IS SO ORDERED.**

        s/ Thomas W. Phillips
        SENIOR UNITED STATES DISTRICT JUDGE